UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM LITTLETON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-662 |
| | ) | |
| v. | ) | Honorable Wendell A. Miles |
| | ) | |
| KURT JONES et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

### Discussion

I.  Factual allegations

Plaintiff is presently incarcerated at the Boyer Road Correctional Facility. In his *pro se* complaint, he sues the Boyer Road Correctional Facility, Warden Kurt Jones, and John Doe, Head of Maintenance.

Plaintiff claims that he and other inmates housed at the Boyer Road Correctional Facility complained of metal support rings around the bottom of the basketball poles that created a

safety hazard. Defendants Jones and Doe "were belligerent in their attempts to rectify this situation . . . . " Subsequently, on February 14, 2005, while playing basketball, Plaintiff fell on a ring, breaking his ankle. Plaintiff requests compensatory damages of $100,000, and orders to have his foot and ankle fixed correctly, and to put protective padding on all basketball posts at the Boyer Road Correctional Facility.

## II. Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In order to properly exhaust, a prisoner must raise each of his claims for the first time at Step I of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Plaintiff filed grievances concerning the issue he raises

---

[1] To assist prisoners in meeting this requirement, in its form complaint this Court advises prisoners to attach copies of documents evidencing exhaustion. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has used the form complaint and attached Steps I through III grievance forms and responses regarrding the safety hazard related to the metal rings on the basketball posts.

- 2 -

in his lawsuit. However, a prisoner must also "administratively exhaust his . . . claim as to each defendant associated with the claim." *Burton,* 321 F.3d at 574; *accord Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir.2003); *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001) (stating that a prisoner must "file a grievance against the person he ultimately seeks to sue"); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). To exhaust a claim against a particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the defendant at Step I of the [Michigan Department of Corrections] grievance process." *Burton*, 321 F.3d at 574.

Plaintiff's medical claim is the type of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Plaintiff has attached his Step I, II and III grievance forms (Number DRF 05-03-00482-03b). However, he did not name Warden Kurt Jones or the Head of Maintenance at Step I of the process. Accordingly, Plaintiff has not exhausted his claims against Defendants Kurt Jones or John Doe, Head of Maintenance.[2]

---

[2] Plaintiff has also named the Boyer Road Correctional Facility as a Defendant. An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Boyer Road Correctional Facility is an administrative unit of the Michigan Department of Corrections. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, plaintiff's claim against this defendant is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). The Supreme Court has squarely held that the Eleventh Amendment bars federal suits against state departments of corrections. *Alabama v. Pugh*, 438 U.S. at 782. Boyer Road Correctional Facility is therefore not subject to a section 1983 action.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d 414, 417 (6th Cir. 1997). Moreover, a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The administrative process must be complete before the prisoner files an action in federal court. *Id.; Wright* 111 F.3d at 414. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss this action without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: December 8, 2005                    /s/ Wendell A. Miles
                                           Wendell A. Miles
                                           Senior U.S. District Judge